UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **MAUREEN COFFEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:06CV805-DJS |
| | ) | |
| **WALGREEN CO.,** | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This matter is now before the Court on plaintiff's motion to remand. Plaintiff filed this action in the Circuit Court of the City of St. Louis, seeking damages for personal injuries she allegedly sustained due to a dangerous condition of the sidewalk of defendant's Walgreens store. The state court petition prayed indeterminately for damages in excess of $25,000. Defendant removed the action on the basis of diversity jurisdiction after receiving plaintiff's interrogatory answer stating plaintiff sought $100,000 in damages.

Plaintiff argues that remand is appropriate because, simultaneously with the filing of the motion to remand, plaintiff amended her interrogatory answer to claim $75,000 and served on defendant a stipulation signed by plaintiff's counsel stating that plaintiff "will not seek damages in excess of $75,000.00 at the trial of this matter." Exh. 2 to Motion [Doc. #7]. In response, defendant indicates it would not oppose remand if plaintiff made certain further stipulations to "foreclose" the amount in controversy issue,

but otherwise maintains that the action was properly removed. Def. Response [Doc. #9], p.2. In reply, plaintiff refuses to offer the further stipulations defendant has outlined.

The diverse citizenship of the parties and the timeliness of the removal are not in dispute. The requisite amount in controversy was established at the time of removal by plaintiff's interrogatory answer. The propriety of removal is to be judged at the time of removal, and post-removal amendments with respect to the amount in controversy do not alter the analysis or authorize remand where the removal was proper. As the Supreme Court stated in <u>St. Paul Mercury Indemnity Co. v. Red Cab Company</u>, 303 U.S. 283, 292 (1938): "And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." <u>See</u> also Wright, Miller & Cooper, <u>Federal Practice and Procedure: Jurisdiction 3d</u> §3725, p. 115 (1998); <u>Marcel v. Pool Company</u>, 5 F.3d 81, 85 (5th Cir. 1993); <u>Hatridge v. Aetna Casualty & Surety Company</u>, 415 F.2d 809, 814 (8th Cir. 1969).

Plaintiff's belated attempt to reduce the amount in controversy in connection with the filing of her motion to remand is ineffective, where at the time of removal the record clearly established an amount in controversy exceeding the jurisdictional minimum. The instant case is thus distinguishable from two cases in this district on which plaintiff relies, in which, at the time of removal, there was an inadequate basis for the requisite assertion

concerning the amount in controversy. Jones v. Martin & Bayley, Inc., No. 4:05CV2034-JCH, Memorandum and Order of January 19, 2006 [Doc. #9]; Reid v. USF Holland, Inc., No. 4:05CV2009-CAS, Memorandum and Order of January 4, 2006 [Doc. #13].

The Court will therefore deny the motion to remand. The docket sheet reflects that plaintiff's counsel advised the Court's ADR Coordinator that the parties did not engage in mediation as ordered. The Court will require plaintiff's counsel, as the Lead Counsel for purposes of the referral to mediation, to address the issue, and will further permit the parties to engage in the required mediation no later than November 10, 2006.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #7] is denied.

**IT IS FURTHER ORDERED** that plaintiff shall file, within seven (7) days of the date of this order, a status report on the mediation which the parties were ordered to complete by September 30, and a new "Designation of Neutral and ADR Conference Report" naming a neutral and a date for a mediation conference **no later than November 10, 2006**.

Dated this  5th  day of October, 2006.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE

3